# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

265 BROOKVIEW CENTRE WAY
SUITE 600
KNOXVILLE, TENNESSEE 37919

PHONE:  865.549.7000
FAX:    865.525.8569

www.bakerdonelson.com

IVAN BOATNER
Direct Dial: 865.549.7118
E-Mail Address: iboatner@bakerdonelson.com

May 20, 2019

**VIA CERTIFIED MAIL**

United States Department of Agriculture
Office of the General Counsel
1400 Independence Ave., SW
Washington, D.C. 20250

Certified Article Number

9414 7266 9904 2115 3537 55

**SENDER'S RECORD**

Re:     ***Tyson Foods, Inc. and Tyson Fresh Meats, Inc. v. United States of America***
        **U.S. District Court for the Northern District of Iowa**
        **Civil Action No. 5:19-cv-4020-CJW-KEM**

To Whom It May Concern:

Enclosed please find the following in connection with the above-referenced matter:

1.      Summons;

2.      Complaint; and

3.      Civil Actions Information Packet.

Should you have any questions regarding the enclosed, please do not hesitate to contact me.

Sincerely,

Ivan A. Boatner

IAB:rb

Enclosures

4827-4641-0135v1
2826048-000026 05/20/2019

# UNITED STATES DISTRICT COURT

for the

Northern District of Iowa

| | |
|---|---|
| Tyson Foods, Inc. and<br>Tyson Fresh Meats, Inc.<br><br>*Plaintiff*<br><br>v.<br><br>United States of America<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  5:19-cv-4020-CJW-KEM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    United States Department of Agriculture
    Office of the General Counsel
    1400 Independence Ave., SW
    Washington D.C. 20250

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Ivan A. Boatner
    Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
    265 Brookview Centre Way, Suite 600
    Knoxville, Tennessee 37919

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:     05/15/2019

                                      /s/ des
                               *Signature of Clerk or Deputy Clerk*

Civil Action No. 5:19-cv-4020-CJW-KEM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* United States of America

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tyson Foods, Inc. and Tyson Fresh Meats, Inc.

### DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   U.S. is a sovereign state
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rosalynd J. Koob; Heidman Law Firm; 1138 Historic 4th St, P.O. Box 3086, Sioux City, Iowa, 51101; 712-222-4116

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☒ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq.
Brief description of cause:
Property damage caused by negligence,negligent inspection, negligent retention, and negligent supervision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/13/2019

SIGNATURE OF ATTORNEY OF RECORD
Rosalynd J. Koob

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

|  |  |
|---|---|
| TYSON FOODS, INC., and TYSON FRESH MEATS, INC. | Case No. 19 : 4020 |
| Plaintiffs, |  |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

## COMPLAINT

Plaintiffs Tyson Foods, Inc., and Tyson Fresh Meats, Inc., for their Complaint against Defendant United States of America ("United States"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq., allege and state as follows:

## JURISDICTION AND VENUE

1.      Tyson Foods, Inc. is a corporation, formed under the laws of Delaware, with its principal place of business located in Springdale, Arkansas. Tyson Fresh Meats, Inc. is a Delaware entity and is a wholly-owned subsidiary of Tyson Foods, Inc. (Tyson and Tyson Fresh Meats are hereinafter referred to as "Tyson").

2.      The United States of America is a sovereign state. Liability for the acts described herein is based on actions of agents and employees of the United States Department of Agriculture ("USDA") and its Food Safety Inspection Service ("FSIS"), agencies of the United States, for which sovereign immunity is waived under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671

1

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 1 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 6 of 38

et seq. ("FTCA").

3.     This Court may properly exercise original jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 28 U.S.C. § 2674.

4.     Venue is properly laid in the Northern District of Iowa, Western Division, pursuant to 28 U.S.C. § 1402(b).  The events and acts complained of and which give rise to this action occurred within this District and Tyson does business in this District.

5.     Iowa law applies to this action.

6.     Tyson Foods, Inc., has exhausted the administrative requirements set forth in 28 U.S.C. § 2675, by submitting Form SF-95, Claim for Damage, Injury, or Death, to the USDA-FSIS, 4520 114th Street, Des Moines, IA 50322, on or about August 23, 2018.  The SF-95 submitted by Tyson Foods, Inc. provided the Defendant with all of the information needed to investigate and resolve Plaintiffs' claim for damages.  The SF-95 submitted to USDA-FSIS fully described the basis for Plaintiffs' claim, identified the claimants, and provided a sum certain quantifying the damages suffered as a result of Defendant's tortious misconduct.  On or about November 16, 2018, the Office of General Counsel for USDA notified Tyson Foods, Inc. via letter of its denial of the claim.  Tyson Foods, Inc. was further notified of the right to file suit within six (6) months from the date of the mailing of the denial letter.

**FACTUAL BACKGROUND**

7.     Under the Federal Meat Inspection Act, the USDA is responsible for ensuring the healthiness of livestock (including pork) entering the United States food supply.

8.     One aspect of USDA fulfilling this responsibility is to conduct, through FSIS, certain ante and post-mortem inspections on hogs at pork processing facilities.  *See* 9 CFR 309, Animals

2

4827-1566-0841.1
Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 2 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 7 of 38

and Animal Products, Chapter III – Food Safety and Inspection Service, Department of Agriculture.

9.      The USDA trains and supervises FSIS inspectors as to the manner and methods of conducting ante and post-mortem inspections.

10.     The USDA then places trained FSIS inspectors at each pork processing facility in the United States to perform these inspections.

11.     Tyson Fresh Meats, Inc. operates a pork processing facility located at 1009 Richland Drive, Storm Lake, Iowa ("Tyson Storm Lake").

12.     Tyson Storm Lake, like every pork processing facility in the United States, operates under continuous USDA-FSIS inspection while the processing facility is operating.

13.     All hogs slaughtered at Tyson Storm Lake are subject to USDA-FSIS ante-mortem inspection.

## USDA-FSIS Inspections Control the Release or Condemnation of Hogs

14.     The FSIS employees on-site at Tyson Storm Lake are responsible for performing the ante-mortem inspections on hogs by visually observing the hogs and determining whether to release or condemn the hogs based on the inspection results.

15.     The USDA-stated goal and purpose of ante-mortem inspection is to accept only those animals that are healthful, safe from harmful chemical and drug residues, and capable of being converted into safe wholesome products fit for the use and enjoyment of the consumer.

16.     At the conclusion of any ante-mortem inspection, USDA-FSIS protocols dictate only three possible outcomes.  FSIS determines that the hogs will either be (1) passed for slaughter, (2) classified as suspect, or (3) condemned.  Condemned hogs are considered not fit for human consumption.  Suspect hogs are those hogs which will require additional inspection in order to determine whether they are fit for human consumption.

3

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 3 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 8 of 38

17. FSIS is the sole entity responsible for conducting these inspections on behalf of USDA and designating whether hogs are fit to be slaughtered and enter the stream of commerce.

**USDA-FSIS Conducted Negligent Ante-Mortem Inspections on 4,622 Hogs**

18. On March 26, 2018, approximately 4,622 hogs were slaughtered at Tyson Storm Lake and were, thereby, subject to ante-mortem inspection by the USDA-FSIS.

19. On March 26, 2018, the ante-mortem inspections of the slaughtered hogs were the responsibility of FSIS inspector Dr. Yolanda Thompson, an employee and agent of the Defendant. On this date, Dr. Thompson presented to Tyson Storm Lake management signed inspection pen cards certifying that the hogs had been inspected and were eligible to bear the mark of inspection.

20. Unbeknownst to Tyson Storm Lake management, Dr. Thompson conducted negligent ante-mortem inspections of the hogs prior to slaughter. Video footage obtained later revealed that Dr. Thompson never entered the pre-slaughter holding area to perform an in-person visual inspection of the hogs as required to satisfy her duties as both (1) an employee and agent of the Defendant and (2) a reasonable person taking on the duty to conduct inspections for the protection of others. Instead, Dr. Thompson remained in her vehicle, signing the inspection cards without entering the holding area to examine the hogs.

21. Tyson Storm Lake management was unaware that Dr. Thompson was negligent in conducting the ante-mortem inspections until the following day, March 27, 2018, when they were informed by FSIS personnel that the hogs at issue had not received proper ante-mortem inspections.

**Tyson Suffered Damages As a Result of USDA-FSIS's Conduct**

22. Upon notification of Dr. Thompson's actions, Tyson Storm Lake management took steps to mitigate damages.

23. Unfortunately, by this time, the negligently inspected hog carcasses had been

4

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 4 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 9 of 38

intermingled into a larger group of approximately 8,000 hog carcasses and, consequently, the negligently inspected hog carcasses could no longer be positively identified.

24.     On March 30, 2018, USDA, acting through supervisors of the Des Moines Field Office, concluded that it was not possible to clearly identify whether the animals were subject to any health conditions that would have necessitated condemnation of the negligently inspected carcasses. This left Tyson with no choice but to destroy the negligently inspected carcasses and those with which they had been commingled, salvaging portions of the product for non-food related purposes at a greatly reduced rate.

25.     As a result of the required condemnation, Tyson incurred a loss of $1,971,616.61, with only a portion of the loss ($120,612.32) being offset by rendering some of the meat into non-edible products. This yielded a net loss to Tyson for the condemned pork of $1,851,003.29.

26.     Tyson incurred $314,905.63 in cancelled sales primarily related to offal and lard that had been sold to third parties within the brief window of time between when the hogs were slaughtered and when Tyson was notified of the negligent inspection.

27.     Tyson incurred $50,070.85 in freight and temporary storage fees pending destruction of the product.

28.     Tyson incurred $51,468.25 related to overtime hours worked on an emergency basis to segregate, render, or otherwise destroy the product rendered useless by Defendant's negligence.

29.     Tyson incurred $213,513.04 due to reduction in normal processing activities while diverting resources to respond to the emergency created by the Defendant's negligence.

30.     The USDA-FSIS inspector's negligence proximately caused $2,480,961.07 in total damages to Tyson.

5

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 5 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 10 of 38

### USDA-FSIS Personnel Were Aware of Dr. Thompson's Performance Issues

31.     Upon information and belief, at all pertinent times, USDA-FSIS personnel were aware of deficiencies in the quality, scope and integrity of Dr. Thompson's inspection practices.

32.     Upon information and belief, prior to the negligent inspections described above, USDA-FSIS personnel were aware of issues with Dr. Thompson's performance as indicated by a USDA-FSIS employee mentioning to Tyson employees during the investigation of the negligent inspections that Dr. Thompson had bad habits related to her inspection practices

33.     Moreover, USDA-FSIS personnel were aware of Dr. Thompson's physical limitations and that she had difficulty walking.  Dr. Thompson's normal inspection site was the turkey processing plant, a plant that is much smaller in size than the pork processing plant.  In addition, the way in which the animals are kept in the pork processing plant requires an inspector to navigate the holding pens.

34.     If the USDA and/or FSIS personnel adequately trained and supervised Dr. Thompson, or otherwise addressed Dr. Thompson's deficient inspection practices and her health issues, the damage to Tyson could have been avoided.

### COUNT ONE
### (Negligence)

35.     Tyson incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36.     Under Iowa law, private parties are liable when they have a duty to conform to a standard to protect others and they fail to do so, resulting in damages to another.

37.     Under the FTCA, the United States is liable to the same extent as a private party in Iowa.  In this case, the United States, through its agents and employees, had a duty to conform to a standard of conduct to protect Tyson's property and failed to do so.

6

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 6 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 11 of 38

38.     Dr. Thompson, the FSIS inspector and the agent and employee of Defendant, failed to act as a reasonable person when she negligently performed the ante-mortem inspections.

39.     The duty to conduct a reasonable and competent inspection was an operational task and did not involve the United States exercising discretion.

40.     The United States, through Dr. Thompson's actions, proximately caused damages to Tyson.  The proximate result of Defendant's wrongful and tortious conduct was the destruction of approximately 8,000 hog carcasses.  The monetary damages resulting from the Defendant's misconduct is $2,480,961.07.

## COUNT TWO
### (Negligent Inspection)

41.     Tyson incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

42.     Under Iowa law, private parties are liable when they undertake a duty to inspect and then negligently carry out that duty.

43.     Under the FTCA, the United States is liable to the same extent as a private party for negligently executing its undertaken duty to inspect.

44.     The United States, through the USDA and FSIS, undertook a duty to inspect pork product at the Tyson Storm Lake processing plant by placing inspectors at the facility.

45.     The United States undertook the duty to inspect the live hogs at issue in this case.

46.     The United States' undertaking created a common law duty under Iowa law owed to Tyson to competently perform inspections.

47.     The United States' undertaking supplanted Tyson's duty to conduct ante-mortem inspections to help ensure the safety of its pork products.

48.     The USDA-FSIS inspectors, including Dr. Thompson, should have recognized that the services they undertook to perform were necessary for the protection of Tyson and others.

7

4827-1566-0841.1

Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 7 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 12 of 38

49.     The duty to inspect was an operational task and did not involve the United States exercising discretion.

50.     The United States' undertaking the duty to inspect caused Tyson to forego other inspection options or precautions against the risk of contamination.

51.     Tyson relied upon the USDA-FSIS inspectors, including Dr. Thompson, to perform their duties non-negligently.

52.     Tyson relied on Dr. Thompson and other USDA-FSIS inspectors, not plant employees, to conduct the ante-mortem inspections and make the critical determination as to the health of the hogs.

53.     The USDA-FSIS inspectors who were assigned to Tyson Storm Lake, including Dr. Thompson, undertook to provide inspection services of Tyson's pork products and should have reasonably foreseen that negligent performance of their inspection duties would result in injury to persons or property.

54.     The United States breached the duty to inspect by negligently conducting ante-mortem inspections on approximately 4,622 hogs on March 26, 2018.

55.     The United States' acts constituted negligence in the performance of an operational task for which they had no discretion.

56.     The United States' acts in negligently performing the inspections caused approximated 4,622 hogs to be commingled and intermingled into a larger group of approximately 8,000 hog carcasses, resulting in the destruction of approximately 8,000 hog carcasses.

57.     Tyson suffered property damages as a result of the United States' negligence.

### COUNT THREE
### (Negligent Retention)

58.     Tyson incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

8

4827-1566-0841.1

59.     Under Iowa law, private parties are liable when they knew, or in the exercise of ordinary care should have known, of an employee's unfitness at the time the employee engaged in wrongful or tortious conduct.

60.     Under the FTCA, the United States is liable to the same extent as a private party under Iowa law for knowingly allowing an unfit employee to engage in wrongful or tortious conduct.

61.     The United States, through negligent retention of the inspector, Dr. Thompson, proximately caused injuries to Tyson.

62.     Dr. Thompson, as an FSIS inspector, was an employee of the United States through USDA.

63.     Dr. Thompson committed an underlying tort that caused compensable injury to Tyson through her negligence and negligent ante-mortem inspections.

64.     Upon information and belief, prior to the time Dr. Thompson conducted the negligent ante-mortem inspections, other USDA and/or FSIS employees and inspectors were aware of deficiencies in the quality, scope, and integrity of Dr. Thompson's inspection practices.

65.     The United States should have recognized Dr. Thompson's unfitness to perform the inspections that were necessary for the protection of Tyson's property. However, the United States failed to so recognize, resulting in the destruction of approximately 8,000 hog carcasses, causing injury to Tyson.

66.     The duty to (1) provide inspectors who are competent and able to perform inspections as required or (2) remove and replace inspectors who are either incompetent or unable to perform inspections as required was an operational task and did not involve the United States exercising discretion.

9

4827-1566-0841.1
Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 9 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 14 of 38

## COUNT FOUR
### (Negligent Supervision)

67.     Tyson incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

68.     Under Iowa law, private parties are liable when they know, or in the exercise of ordinary care should have known, of an employee's unfitness at the time the employee engaged in wrongful or tortious conduct.

69.     Under the FTCA, the United States is liable to the same extent as a private party under Iowa law because it should have known that Dr. Thompson was an unfit employee at the time she conducted the negligent ante-mortem inspections.

70.     The United States, through negligent supervision of the inspector, Dr. Thompson, proximately caused injuries to Tyson because of Dr. Thompson's incompetence and lack of fitness for her position.

71.     Dr. Thompson, as an FSIS inspector, was an employee of the United States through its agency, the USDA.

72.     Prior to the time that Dr. Thompson conducted the negligent inspection, other USDA and/or FSIS employees and inspectors were aware of deficiencies in the quality, scope and integrity of Dr. Thompson's inspection practices.

73.     It is also believed that other USDA and/or FSIS inspectors were aware of Dr. Thompson's mobility and performance issues.  The United States should have addressed Dr. Thompson's mobility and performance issues before assigning Dr. Thompson to the pork processing plant, which is larger and requires more mobility.

74.     The duty to competently and reasonably supervise employees was an operational task and did not involve the United States exercising discretion.

4827-1566-0841.1

75.     The United States' failure to address Dr. Thompson's mobility and performance issues caused Tyson to suffer damages.

WHEREFORE, Tyson prays as follows:

a.     That this Court award incidental and consequential damages arising from the United States' negligence in an amount no less than $2,480,961.07;

b.     That this Court award any and all relief provided for under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq.; and

c.     That this Court award such other relief as the Court deems just and appropriate under the circumstances.

Dated this 14th day of May, 2019.

HEIDMAN LAW FIRM, P.L.L.C.

By: _____
ROSALYND C. KOOB, AT0004380
1128 Historic 4th Street
P.O. Box 3086
Sioux City, Iowa  51101
Telephone:  (712) 255-8838
Facsimile:  (712) 258-6714
Email:  Roz.Koob@heidmanlaw.com

ATTORNEYS FOR TYSON FOODS, INC., AND TYSON FRESH MEATS, INC.

Original filed.

4827-1566-0841.1
Case 5:19-cv-04020-CJW-KEM   Document 1   Filed 05/14/19   Page 11 of 11
Case 5:19-cv-04020-CJW-KEM   Document 12-1   Filed 06/27/19   Page 16 of 38

# MATERIALS THE CLERK OF COURT IS TO PROVIDE TO PLAINTIFFS WHO FILE
# CIVIL ACTIONS
# IN THE NORTHERN DISTRICT OF IOWA ON OR AFTER
## JANUARY 1, 2008
(For Service on all other parties to the suit)

1.  Local Rule 7.1

2.  Disclosure Statement

3.  Local Rule 10

4.  Local Rule 16

5.  Instructions and Worksheet for Scheduling Order and Discovery Plan

6.  Proposed Scheduling Order and Discovery Plan

7.  Local Rule 73

8.  Notice, Consent and Order of Reference

9.  Notice of Lawsuit and Request for Waiver

10. Waiver of Service of Summons

11. Local Rule 41

12. ECF Attorney Registration Form

13. Privacy Notice

Revised 10/2017

## LR 7.1 DISCLOSURE STATEMENT

a. **Plaintiff's Disclosure Statement.** Within 21 days after a civil complaint is filed, each nongovernmental plaintiff that is not a natural person must file with the Clerk of Court a disclosure form containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

b. **Defendant's Disclosure Statement.** Within 30 days after service of a civil complaint on a nongovernmental defendant that is not a natural person, such defendant must file with the Clerk of Court a statement containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the defendant as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the defendant's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

c. **Disclosure Statement Forms.** The disclosure form is available on the courts' websites. The disclosure statement form is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal.

d. **Conflicts List.** After entering an appearance in a pending civil case, the lawyers for the parties must determine promptly if a presiding judge has filed a conflicts list with the Clerk of Court by doing one of the following:

   1. Inspecting the conflicts information on the courts' websites; or

   2. Inquiring of the Clerk of Court of the district.

   3. If a conflicts list for the presiding judge has been filed with the Clerk of Court, the lawyer must review the list and notify the Clerk of Court immediately if it appears a presiding judge may have a conflict with any association, firm, partnership, corporation, or other artificial entity either related to any party or having a pecuniary interest in the case.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

Plaintiff(s),

vs.

Case Number:

DISCLOSURE STATEMENT

Defendant(s).

---

As required by LR 7.1 and LR 81(c) and (d), [plaintiff] [defendant] in this case provides the following information to the court:

(a) *The following are the names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the [plaintiff] [defendant] as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the [plaintiff's] [defendant's] outcome in this case*:

(b) *With respect to each entity named in response to (a), the following describes its connection to or interest in the litigation, or both*:

Date: _____

_____
Atttorney's Name
Address:

Telephone Number:
E-mail Address:

Attorney for: [plaintiff] [defendant]

## LR 10  FORM OF DOCUMENTS FILED WITH THE COURT; CITATIONS TO STATUTES; PERSONAL IDENTIFIERS

a. **Size.** All documents filed with the court in paper form must be on 8.5 inch x 11 inch size paper. All electronic filings must be similarly formatted.

b. **Form.** All documents filed with the court must be in the following form:

    1. Double spaced;

    2. Printed on only one side of the page; and

    3. Have a top margin of at least 1 inch on each page.

    4. A brief more than 10 pages in length must include, on the first page, a subject matter table of contents.

Documents more than 1 page in length must be numbered at the bottom of each page. Exhibits included in an appendix or attached to a pleading, motion, or brief must be imaged or reproduced in a clear, legible, and high-quality form.

c. **Documents Filed in Paper Form.** To facilitate electronic imaging, a document filed non-electronically must be delivered to the Clerk of Court with no tabs, staples, or permanent clips, but may be organized with paperclips, clamps, or some other type of temporary fastener, or delivered to the Clerk of Court in an expandable file folder, except as follows:

    1. Transcripts may be bound.

    2. Copies of exhibits may be provided to the court in a notebook.

    3. If a motion, resistance, or reply, together with any supporting filings, totals more than 100 pages in length and is filed electronically, within 7 days after the document is filed, the filer must deliver to the Clerk of Court, for use by the presiding judge, a paper copy of the motion, resistance, or reply, together with any supporting filings, reproduced on one side of the page, bound or fastened at the left margin, and tabbed to facilitate ready reference.

d. **Captions.** Captions of filings must include the district and division in which the case is filed, the case number, the names of the litigants in the manner prescribed in Federal Rule of Civil Procedure 10(a), and a designation of the content, and must specify clearly the party filing the document.

e. **Consolidated Cases.** If 2 or more cases have been consolidated, the caption on all filings in the cases must be in the name of the lead case, but also must include the case numbers of all other member cases. If 2 or more cases have been consolidated for pretrial purposes only, the caption on all filings in the cases must include the full captions of all member cases.

f. **Return of Copies by Mail.** If a party requests that a copy of a document filed in paper form be returned by mail, the party must deliver to the Clerk of Court a self-addressed, stamped envelope, with proper postage, and large enough to accommodate the requested copy.

g. **Personal Data Identifiers.** Unless otherwise permitted or required by law, a party filing a document containing personal data identifiers should, unless the document is filed under seal, modify or

16

partially redact the document to prevent disclosure of the identifiers. (*See* Fed. R. Civ. P. 5.2(a)). Personal data identifiers include the following:

1. Social Security numbers;

2. Dates of birth;

3. Names of minors (anyone under the age of 18);

4. Financial account numbers; and

5. Taxpayer identification numbers.

By way of example, and not limitation, if the Social Security number of an individual must be included in a document, only the last four digits of that number should be used. If an individual's date of birth is necessary, only the year should be used. If a minor must be mentioned, only that minor's initials should be used. If financial account numbers are relevant, only incomplete numbers should be recited in the document.

In addition, parties should exercise caution when filing unsealed documents that contain the following information:

6. Other personal identifying numbers, such as driver's license numbers;

7. Information concerning medical treatment or diagnosis (which includes mental health and substance abuse information);

8. Employment history;

9. Personal financial information;

10. Proprietary or trade secret information;

11. Information concerning a person's cooperation with the government;

12. Information concerning crime victims;

13. Sensitive security information;

14. Home addresses;

15. Telephone numbers;

16. E-mail addresses.

It is the responsibility of counsel and the parties to assure that appropriate redactions from documents have been made before they are filed; the Clerk of Court will not review filings to determine whether such redactions have been made.

17

## LR 16  SCHEDULING ORDER AND DISCOVERY PLAN

a. **Timing of Proposed Order and Plan.** Within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must submit to the Clerk of Court for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan.

   The parties must confer to complete the proposed scheduling order and discovery plan as soon as practicable, but at least 14 days before the proposed scheduling order and discovery plan is due.

b. **Completion of Proposed Order and Plan.** The attorneys of record and all unrepresented parties who have appeared in the case are jointly responsible for preparing a proposed scheduling order and discovery plan. The proposed scheduling order and discovery plan must be prepared using the form supplied by the Clerk of Court, and must contain all of the information requested in the form. The form may be downloaded from the courts' websites. The completed form must be filed.

c. **Dismissal for Failure to Submit Timely Proposed Order and Plan.** The failure to submit timely a proposed scheduling order and discovery plan may result in dismissal of the case.

d. **Cases Not Subject to Requirement.** A proposed scheduling order and discovery plan must be submitted in all civil cases, except for the following:

   1. An action for judicial review based on an administrative record, such as a Social Security benefits case or a claim-review case brought under the Employee Retirement Income Security Act of 1974;

   2. A petition, application, or motion for habeas corpus, or other proceeding to challenge a criminal conviction or sentence;

   3. An action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

   4. An action to enforce or quash an administrative summons or subpoena;

   5. An action by the United States to recover benefit payments;

   6. An action by the United States to collect on a student loan guaranteed by the United States;

   7. A proceeding ancillary to proceedings in other courts;

   8. An action to enforce an arbitration award;

   9. A foreclosure or civil forfeiture action filed by the United States;

   10. An IRS summons enforcement action; and

   11. Any other class of cases so designated by order of the court.

e. **Scheduling Conference.** After reviewing the proposed scheduling order and discovery plan, the magistrate judge may issue the Rule 16(b) and 26(f) scheduling order and discovery plan, either as submitted or with revisions, or may set a scheduling conference. Nothing in this rule precludes the parties from requesting a scheduling or planning conference with the magistrate judge at any time.

f.  **Requests for Extensions of Scheduling Order Deadlines.** A motion to extend a scheduling order deadline must demonstrate good cause for the requested extension and also must contain the following:

1.  A description of the discovery not completed;

2.  A description of the discovery that has been completed;

3.  An explanation of why all discovery cannot be completed by the existing deadline;

4.  A statement of when discovery will be completed; and

5.  The current trial date and a statement of whether the moving party believes the requested extension will affect any scheduled trial date.[HA1]

g.  **Dispositive Motion Deadline.** The deadline in the proposed scheduling order and discovery plan for filing dispositive motions must be at least 150 days before the proposed ready-for-trial date.

h.  **Deadlines in Actions for Judicial Review Based on Administrative Record.** In actions for judicial review based on an administrative record, such as claim-review cases brought under the Employee Retirement Income Security Act of 1974, within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs. This section does not apply to Social Security benefits cases, which are scheduled by the court.

i.  **Sanctions.** The failure to comply with a deadline established in the Rule 16(b) and 26(f) scheduling order and discovery plan may result in sanctions, including the exclusion of evidence, the prevention of witnesses from testifying, the striking of pleadings or other documents, the denial of oral argument, and the imposition of attorney fees and costs.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

## INSTRUCTIONS AND WORKSHEET FOR PREPARATION OF
## TRIAL SCHEDULE AND DISCOVERY PLAN

### Effective May 23, 2017

Counsel for the parties shall confer, as required by Federal Rules of Civil Procedure 16 and 26 and Local Rules 16 and 26, and submit to the Clerk of Court on the attached form a stipulated proposed scheduling and discovery plan. **Follow this worksheet during your Rule 16(b) and 26(f) conference. The deadlines referred to in the worksheet are suggested deadlines except for the dispositive motion deadline, which MUST be at least 150 days before the trial ready date, which must be within 18 months of the filing of the complaint or notice of removal. Submit only the attached two-page proposed scheduling and discovery plan to the Clerk of Court. DO NOT FILE EITHER THE WORKSHEET OR THE PROPOSED SCHEDULING AND DISCOVERY PLAN.**

Please carefully review the Local Rules for a more complete description of the District's requirements for pretrial case management (*available at www.iand.uscourts.gov*). After the Court receives the parties' proposed scheduling and discovery plan, it will schedule a Rule 16(b) and 26(f) conference call with the parties to discuss the proposed schedule and plan, along with other pretrial issues.

1

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 1. INITIAL DISCLOSURES AND ELECTRONICALLY STORED INFORMATION:

State whether the parties (a) entered into an agreement during the Rule 26(f) conference resolving all issues relating to the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this action, and (b) discussed the preservation, disclosure, and discovery of electronically stored information: _____ yes _____ no

If any party objects either to making the initial disclosures or to the timing of the initial disclosures, then **within 14 days after the scheduling and discovery plan is submitted**, the objecting party must serve and file a document in which the objections are set forth with particularity.

If the parties have entered into an agreement concerning the timing of the initial disclosures, state the date by which the initial disclosures will be made: _____

(insert date)

Unless a different deadline is set by agreement of the parties or court order, or unless a party objects to making the initial disclosures or to the timing of the initial disclosures, Local Rule 26(a) requires that the initial disclosures be made **within 14 days after the parties' Rule 26(f) conference**.

Federal Rule of Civil Procedure 26(a)(1) describes the information the parties must, without awaiting a discovery request, provide to other parties. Parties are required to comply fully with Rule 26(a)(1).

If the parties have any other disputes concerning initial disclosures or the preservation, disclosure, or discovery of electronically stored information, or are aware of any other issues relating to scheduling or planning that might benefit from the early intervention of the court, the parties should raise the dispute with the Magistrate Judge during the pretrial discovery and planning conference.

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 2. ADDING PARTIES:

State the deadline for filing motions to add parties: _____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 3. AMENDING PLEADINGS:

State the deadline for filing motions to amend pleadings: _____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 4. EXPERT WITNESSES:

State the deadlines for the parties to disclose, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C), all "expert witnesses" who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

Plaintiff's experts: _____
(insert date)

Defendant's experts: _____
(insert date)

Plaintiff's rebuttal experts: _____
(insert date)

The deadlines for the plaintiff to disclose experts, for the defendant to disclose experts, and for the plaintiff to disclose rebuttal experts should be no more than **3 months**, **5 months**, and **6 months**, respectively, after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court. Except as otherwise stipulated by the parties or ordered by the court, the parties must, by these deadlines, provide full disclosure of expert information as required by Federal Rule of Civil Procedure 26(a)(2).

3

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 5. DISCOVERY:

State the date by which all discovery will be *completed*, not propounded:_____

(insert date)

Note that this is the date for completion of discovery, not the date when discovery is to be propounded. This deadline should be **no more than 8 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**. Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery responses as soon as practicable. **All discovery responses must be supplemented at least 30 days before the close of discovery**.

## 6. DISPOSITIVE MOTIONS:

State the deadline for filing dispositive motions: _____

(insert date)

This deadline **must be at least 150 days before the trial ready date**, but should be **no more than 9 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 7. TRIAL READY DATE:

State the date on which the parties anticipate the case will be ready for trial: _____

(insert date)

This deadline should be **no more than 14 months after the date the proposed scheduling and discovery plan is submitted to the court**, but **must not be less than 150 days after the dispositive motion deadline and not more than 18 months after the filing of the complaint or notice of removal**.

## 8. JURY DEMAND:

State whether a jury demand has been filed: _____ yes _____ no

4

WORKSHEET – DO NOT FILE – WORKSHEET

## 9. ESTIMATED LENGTH OF TRIAL:

State your estimate of the number of days required for trial: _____

(insert number of trial days)

For jury trials, include in your estimate the time required for jury selection, opening statements, closing arguments, and instructions. If circumstances change, the parties should immediately notify the court. **In any event, the parties should notify the court of any change in the time required for trial and of their new estimated length of trial at least 30 days before the trial readiness date in paragraph 7.**

## 10. CONSENT TO MAGISTRATE JUDGE:

State whether the parties unanimously consent, or do not unanimously consent, to trial, disposition, and judgment by a United States Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals.

_____ yes, we unanimously consent        _____ no, we do not unanimously consent

You may consent in either a jury or non-jury case. Cases consented to the United States Magistrate Judge will be set for trial on a **date certain**.

## 11. FILING OR DELIVERY OF FORM TO CLERK OF COURT:

Print or type the names, addresses, telephone and fax numbers, and e-mail addresses on the proposed scheduling and discovery plan; sign the proposed and plan, and e-mail the form to the following e-mail address: ecfmail@iand.uscourts.gov. **Be sure to include** *both* **pages of the proposed schedule and plan.**

**WORKSHEET – DO NOT FILE – WORKSHEET**

## IN THE UNITED STATES DISTRICT COURT
## FOR THENORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

|  |  |  |
|---|---|---|
| _____, | ) | NO. |
| Plaintiff(s), | ) | |
| vs. | ) | |
| _____, | ) | **SCHEDULING AND** |
| | ) | **DISCOVERY PLAN** |
| Defendant(s) | ) | |

Counsel have conferred and submit the following case information and proposed dates for case management:

1.  Did the parties both (a) enter into an agreement during the Rule 26(f) conference resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? _____ **yes** _____ **no** If the parties have agreed to a deadline for making the initial disclosures, state the date by which the initial disclosures will be made:_____

    *If any party objected during the Rule 26(f) conference to making or to the timing of the initial disclosures, then the objecting party must, within 14 days after this schedule and plan has been submitted, serve and file a document in which the objections are set forth with particularity.*

2.  Deadline for motions to add parties:

3.  Deadline for motions to amend pleadings:

4. Expert witnesses disclosed by:    a) Plaintiff:

                                           b) Defendant:

                                           c) Plaintiff Rebuttal:

5. Deadline for *completion* of discovery:

6. Dispositive motions deadline (*at least 150 days before Trial Ready Date*):

7. Trial Ready Date (*at least 150 days after Dispositive Motions Date*):

8. Has a jury demand been filed? _____ **yes**         _____ **no**

9. Estimated length of trial: _____ days

10. Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)? _____ **yes**       _____ **no**

11. Are each of the attorneys in this case admitted to practice in the Northern District of Iowa pursuant to Local Rule 83? \_\_\_\_**yes**     _____**no**

---

Plaintiff(s):                                Defendant(s):
Address:                                      Address:
Telephone:                                Telephone:
Facsimile:                                Facsimile:
Email address:                         Email address:

---

Third-Party Defendant(s)\Other:
Address:
Telephone:
Facsimile:
Email address:

## LR 73  CONDUCT OF TRIALS AND DISPOSITION OF CIVIL CASES BY MAGISTRATE JUDGES UPON CONSENT OF THE PARTIES – 28 U.S.C. § 636(c)

Upon consent of the parties and the entry of an order of referral by a district court judge, magistrate judges are hereby specifically designated, pursuant to 28 U.S.C. § 636(c), to conduct trials and otherwise dispose of any civil case filed in this court. After an order of referral is entered in a case, a magistrate judge may conduct all proceedings in the case, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings, a magistrate judge may hear and determine any pretrial and post-trial motions, including case-dispositive motions.

46

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
for the

|  | ) |  |
| --- | --- | --- |
| Plaintiff | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
| Defendant | ) |  |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| _____ ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. _____ |
| _____ ) | |
| Defendant ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

 

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## LR 41  DISMISSALS OF ACTIONS

a. **Involuntary Dismissals.** After giving the parties the notice prescribed in section (c) of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:

   1. Where service has not been made on any defendant within 90 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 97 days after the filing of the complaint setting forth good cause for why service has not been made; or

   2. As to a particular defendant, where service has been made upon that defendant and neither an answer nor a request for other action has been filed as to that defendant within 30 days after the date the answer was due; or

   3. Where a default has been entered and a motion for entry of judgment by default in accordance with Federal Rule of Civil Procedure 55(b) has not been made within 30 days after the entry of default, unless the plaintiff advises the Clerk of Court that further court action is necessary before a default judgment can be sought; or

   4. Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

b. **Dismissal of Settled Cases.** The Clerk of Court may, for internal statistical purposes, immediately close a case upon being advised by one or more of the parties that the action has been settled. Within 30 days after advising the court that an action has been settled, the parties must file such documents as are required to terminate the action. If the parties fail to do so, the Clerk of Court may, after giving the parties the notice prescribed in section (c) of this rule, enter an order dismissing the action with prejudice.

   Either party may seek reinstatement of a case dismissed under this section within 60 days after the date of the dismissal order by serving and filing a motion to reinstate the case. The motion must show good cause as to why the settlement was not consummated. This paragraph does not diminish any obligation of a party to perform under an otherwise enforceable settlement agreement.

c. **Notification by Clerk of Court.** At least 14 days before dismissing a case pursuant to section (b) or (c) of this rule, the Clerk of Court will mail or electronically transmit a notice and a copy of this rule to all counsel of record and any pro se parties. The notice will state that the case will be dismissed unless, by the deadline specified in the notice, either the required action is taken or good cause is shown for not dismissing the case.

   This rule does not restrict the authority of the court to dismiss a case, with or without prejudice, for good cause. Good cause could include the failure of a party to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court.

28



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## CM/ECF ATTORNEY REGISTRATION FORM

1.  If you are an attorney applying for admission to this court, do not submit this form. You must go to our web page, click on Attorney Info and then Attorney Admission Information. During the admission process, you will create your own Case Management/Electronic Case Filing (CM/ECF) account.

2.  This form must be used if you are admitted and have not previously registered for an account on the CM/ECF system for the U.S. District Court for the Northern District of Iowa.

3.  Attorneys seeking pro hac vice admission must comply with Local Rule 83(d)(3), which requires this CM/ECF Registration form to be completed within 14 days of the filing of the Order Granting Pro Hac Vice Admission.

First/Middle/Last Name: _____

Attorney Bar ID/State: _____

Are you admitted to practice in the Northern District of Iowa? *(Check 1 box and enter date if applicable)*

☐ Yes-Admission Date: _____   ☐ Pro Hac Vice-Admission Date: _____
☐ No
Firm Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Telephone Number: _____

Your primary email address to include on account: _____

Additional email addresses to include on account: _____

_____

If you wish to use s login and password for this court, please list below
(**password must be at least <u>8 characters</u>, include <u>1 capital letter</u>, <u>1 symbol</u> AND <u>1 number</u>.**)

Login: _____   Password: _____

YOU MUST COMPLETE THE SIGNATURE LINE ON THE NEXT PAGE

By submitting this registration form, the undersigned agrees to the following:

1. The CM/ECF system is for use only in cases designated by the U.S. District Court for the Northern District of Iowa. The CM/ECF system may be used to file and view electronic documents and docket sheets.

2. Each attorney desiring to file pleadings or other papers electronically must complete and sign a CM/ECF Attorney Registration form. An attorney's password issued by the court, combined with the user's identification (login), serves as and constitutes the attorney's signature. Therefore, an attorney must protect and secure the password issued by the court so that unauthorized use does not occur. If there is any reason to suspect the password has been compromised in any way, such as resignation or reassignment of a person with authority to use the password, it is the duty and responsibility of the attorney to notify the court immediately. The court will immediately delete the password from the CM/ECF system and issue a new password.

3. Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion and other paper shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. The electronic filing of a complaint, pleading, motion or other paper by an attorney who is a registered participant in the CM/ECF system shall constitute the signature of that attorney under Federal Rule of Civil Procedure 11.

4. By registering, the undersigned consents to receive notice electronically and to waive the right to receive notice by personal service or first-class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), except with regard to service of a complaint and summons. This provision does include electronic notice of the entry of an order or judgment.

5. A user accesses court information via the court's website or through the Public Access to Court Electronic Records (PACER) Service Center. Although the court manages the procedures for electronic filing, all electronic public access to case file documents occurs through PACER. A PACER login is required in addition to the CM/ECF login and password issued by the court. To register for PACER, a user must complete the online form or submit a registration form, which is available on the PACER website: http://pacer.psc.uscourts.gov

6. By registering, the undersigned agrees to abide by the court's Local Rules and the Electronic Case Filing Procedures Manual, and any changes or additions that may be made to such rules and procedures in the future. Registered CM/ECF users agree to comply with the Federal Rules of Civil and Criminal Procedure, including those governing electronic filing, privacy and redaction. *See, e.g.*, Fed. R. Civ. P. 5.2.

7. Additional information and procedures are available on the court's website.

Email completed form to: ecfhelp@iand.uscourts.gov   Subject Line: ECF Attorney Registration

Date: _____                    (type name) s/ _____

COURT USE ONLY

Login: _____

Password: _____        Issuer/Date: _____

# Privacy Notice

**To Pro Se Litigants and Counsel of INTERNET Availability of Civil Case File Information**

The United States District Court for the Northern District of Iowa makes the content of cases available on PACER. Any subscriber to PACER will be able to read, download, store and print the full content of documents filed into the electronic docket

To comply with the policy of the Judicial Conference of the United States and the E-Government Act, **filing parties shall omit**, or, where inclusion is **necessary**, partially redact (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

1) Minors' names: Use the minors' initials (Only Initials);
2) Financial account numbers: Identifying the financial institution and name Or type of account, but use only the last four numbers of the account number;
3) Social Security numbers: Use only the last four numbers;
4) Dates of birth: Use only the year; and
5) Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

1) Personal identifying number, such as driver's license number;
2) Medical records, treatment and diagnosis;
3) Employment history;
4) Individual financial information; and
5) Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

## SEALING OF DOCUMENTS

The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Rules relating to the sealing of documents are controlled by Rule 5(c) of the Local Rules of Civil Procedure for the Northern District of Iowa. A party wishing to file a document containing the personal information specified above may move for leave to file and unredacted document under seal. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file.